<div style="text-align:center; color:red;">CORRECTED</div>

# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-1141V
UNPUBLISHED

| | |
|---|---|
| CRYSTAL ALLEN,<br><br>       Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>       Respondent. | Chief Special Master Corcoran<br><br>Filed: February 4, 2021<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Tetanus Diphtheria acellular<br>Pertussis (Tdap) Vaccine; Shoulder<br>Injury |

*John Robert Howie, Howie Law, PC, Dallas, TX,* for petitioner.

*Colleen Clemons Hartley, U.S. Department of Justice, Washington, DC,* for respondent.

## DECISION AWARDING DAMAGES[1]

On August 23, 2017, Crystal Allen filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration (SIRVA) after receiving a Tdap vaccination on April 7, 2016. Petition at 1. Petitioner further alleges that she received the vaccination in the United States, she experienced symptoms within 48 hours of vaccination, and she suffered the residual effects or complications of her illness for more than six months. Petition at 1, 12. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On May 15, 2018, after Respondent conceded that Petitioner's injury was caused-in-fact by the Tdap vaccine she received on April 7, 2016, a ruling on entitlement was issued, finding Petitioner entitled to compensation for her right shoulder injury. On February 1, 2021, Respondent filed a proffer on award of compensation ("Proffer")

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

indicating Petitioner should be awarded all items of compensation set forth in the life care plan and illustrated by the chart attached at Tab A.  Proffer at 1-2.  In the Proffer, Respondent represented that Petitioner agrees with the proffered award.  *Id.*  Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer. Proffer at 1-2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner the following compensation:**

1. **A lump sum payment of $690,041.51, representing compensation for life care expenses expected to be incurred during the first year after judgment ($18,842.07), lost earnings ($492,214.00),  pain and suffering ($170,000.00), and past unreimbursable expenses ($8,985.44), in the form of a check payable to Petitioner, Crystal Allen.**

2. **An amount sufficient to purchase an annuity contract, subject to the conditions described in the Proffer, that will provide payments for the life care items contained in the life care plan, as illustrated by the chart at Tab A, beginning with compensation for Year Two (on the first anniversary of the date of the judgment) and all subsequent years, paid to the life insurance company from which the annuity will be purchased.**

This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<div style="text-align:right">

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

</div>

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| CRYSTAL ALLEN,<br><br>        Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>        Respondent. | **No. 17-1141V  ECF**<br>**Chief Special Master Corcoran** |

### RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On August 23, 2017, Crystal Allen ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that she suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA") to her right shoulder from a Tetanus Diphtheria acellular Pertussis ("Tdap") vaccine administered on April 7, 2016.[1]  Petition at 1.  On May 15, 2018, the Secretary of Health and Human Services ("respondent") filed his Rule 4(c) Report conceding that petitioner is entitled to compensation for a right shoulder injury based on causation-in-fact.  ECF No. 27.  On May 15, 2018, the Court issued a Ruling on Entitlement finding petitioner entitled to compensation.  ECF No. 28.

**I.  Items of Compensation**

    A.  Life Care Items

The parties engaged life care planner Linda Curtis, RN MS, CNLCP, CCM, to provide an estimation of petitioner's future vaccine-injury related needs.  For the purposes of this proffer,

---

[1] On March 28, 2018, petitioner filed a First Amended Petition.  ECF No. 21.

the term "vaccine related" is as described in the respondent's Rule 4(c) Report. All items of compensation identified in the life care plan are supported by the evidence, and are illustrated by the chart entitled Appendix A: Items of Compensation for Crystal Allen, attached hereto as Tab A.[2] Respondent proffers that petitioner should be awarded all items of compensation set forth in the life care plan and illustrated by the chart attached at Tab A. Petitioner agrees.

    B.    Lost Earnings

The parties agree that based upon the evidence of record, petitioner has suffered a loss of earnings. Therefore, respondent proffers that petitioner should be awarded lost earnings as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(3)(A). Respondent proffers that the appropriate award for petitioner's lost earnings is $492,214.00. Petitioner agrees.

    C.    Pain and Suffering

Respondent proffers that petitioner should be awarded $170,000.00 in actual and projected pain and suffering. This amount reflects that any award for projected pain and suffering has been reduced to net present value. See 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

    D.    Past Unreimbursable Expenses

Evidence supplied by petitioner documents her expenditure of past unreimbursable expenses related to her vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $8,985.44. Petitioner agrees.

---

[2] The chart at Tab A illustrates the annual benefits provided by the life care plan. The annual benefit years run from the date of judgment up to the first anniversary of the date of judgment, and every year thereafter up to the anniversary of the date of judgment.

## II.     Form of the Award

The parties recommend that the compensation provided to petitioner should be made through a combination of lump sum payments and future annuity payments as described below, and request that the Chief Special Master's decision and the Court's judgment award the following:[3]

A.  A lump sum payment of $690,041.51, representing compensation for life care expenses expected to be incurred during the first year after judgment ($18,842.07), lost earnings ($492,214.00), pain and suffering ($170,000.00), and past unreimbursable expenses ($8,985.44) in the form of a check payable to petitioner, Crystal Allen.

B.  An amount sufficient to purchase an annuity contract,[4] subject to the conditions described below, that will provide payments for the life care items contained in the life care plan, as illustrated by the chart at Tab A, attached hereto, paid to the life insurance company[5] from

---

[3]  Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

[4]  In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[5]  The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve.  The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

    a. A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

    b. Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

    c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

    d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating:  AA-, AA, AA+, or AAA.

which the annuity will be purchased.[6] Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent years shall be provided through respondent's purchase of an annuity, which annuity shall make payments directly to petitioner, Crystal Allen, only so long as petitioner is alive at the time a particular payment is due. At the Secretary's sole discretion, the periodic payments may be provided to petitioner in monthly, quarterly, annual or other installments. The "annual amounts" set forth in the chart at Tab A describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment.

1. Growth Rate

Respondent proffers that a four percent (4%) growth rate should be applied to all non-medical life care items, and a five percent (5%) growth rate should be applied to all medical life care items. Thus, the benefits illustrated in the chart at Tab A that are to be paid through annuity payments should grow as follows: four percent (4%) compounded annually from the date of judgment for non-medical items, and five percent (5%) compounded annually from the date of judgment for medical items. Petitioner agrees.

2. Life-contingent annuity

Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as she, Crystal Allen, is alive at the time that a particular payment is due. Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of Crystal Allen's death.

3. <u>Guardianship</u>

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

**III.     Summary of Recommended Payments Following Judgment**

    A.    Lump Sum paid to petitioner, Crystal Allen:    **$690,041.51**

    B.    An amount sufficient to purchase the annuity contract described above in section II.B.

---

[6] Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

                                        Respectfully submitted,

                                        BRIAN M. BOYNTON
                                        Acting Assistant Attorney General

                                        C. SALVATORE D'ALESSIO
                                        Acting Director
                                        Torts Branch, Civil Division

                                        HEATHER L. PEARLMAN
                                        Acting Deputy Director
                                        Torts Branch, Civil Division

                                        DARRYL R. WISHARD
                                        Assistant Director
                                        Torts Branch, Civil Division

                                        s/*Colleen C. Hartley*
                                        COLLEEN C. HARTLEY
                                        Trial Attorney
                                        Torts Branch, Civil Division
                                        U. S. Department of Justice
                                        P.O. Box l46, Benjamin Franklin Station
                                        Washington, D.C.  20044-0146
                                        Tel: (202) 616-3644
                                        colleen.hartley@usdoj.gov

Dated:  February 1, 2021

**Appendix A:  Items of Compensation for Crystal Allen**      Page 1 of 1

| ITEMS OF COMPENSATION | G.R. | * | M | Lump Sum Compensation Year 1<br>2021 | Compensation Year 2<br>2022 | Compensation Year 3<br>2023 | Compensation Years 4-16<br>2024-2036 | Compensation Years 17-23<br>2037-2043 | Compensation Years 24-Life<br>2044-Life |
|---|---|---|---|---|---|---|---|---|---|
| BCBS Prem. | 5% | | M | 6,817.92 | 6,817.92 | 6,817.92 | 6,817.92 | | |
| BCBS MOP | 5% | | | 6,900.00 | 6,900.00 | 6,900.00 | 6,900.00 | | |
| Medicare Part B Prem. | 5% | | | | | | | | |
| Medicare Part B Ded. | 5% | | | | | | | 203.00 | 203.00 |
| Medigap G | 5% | | M | | | | | 1,512.72 | 1,512.72 |
| Medicare Part D | 5% | | M | | | | | 625.98 | 625.98 |
| Pain Mngmt | 5% | * | | | | | | | |
| Pain Pump | 5% | * | | | | | | | |
| Lab Testing | 5% | * | | | | | | | |
| Biofeedback Training | 4% | * | | | | | | | |
| Warm Water PT | 4% | * | | | | | | | |
| Psychotherapy | 4% | * | | | | | | | |
| Reacher | 4% | | | 25.15 | 5.03 | 5.03 | 5.03 | 5.03 | 5.03 |
| Adapted Tools | 4% | | | 175.00 | 58.33 | 58.33 | 58.33 | | |
| Items for Pain Mngmt | 4% | | | 100.00 | 33.33 | 33.33 | 33.33 | | |
| Hydrocodone | 5% | * | | | | | | | |
| Ancillary Services | 4% | | M | 960.00 | 960.00 | 960.00 | 960.00 | 960.00 | |
| Home Health Care | 4% | | M | 3,432.00 | 3,432.00 | 3,432.00 | 3,432.00 | 6,864.00 | 6,864.00 |
| Mileage: Pain Mngmt | 4% | | | 48.00 | 48.00 | 48.00 | 48.00 | 48.00 | 48.00 |
| Mileage: PT | 4% | | | 192.00 | 192.00 | 96.00 | 32.00 | 32.00 | 32.00 |
| Mileage: Psychology | 4% | | | 96.00 | 19.20 | 19.20 | 19.20 | 19.20 | 19.20 |
| Mileage: Biofeedback | 4% | | | 96.00 | 48.00 | 48.00 | | | |
| Lost Future Earnings | | | | 492,214.00 | | | | | |
| Pain and Suffering | | | | 170,000.00 | | | | | |
| Past Expenses | | | | 8,985.44 | | | | | |
| Annual Totals | | | | 690,041.51 | 18,513.81 | 18,417.81 | 18,305.81 | 10,269.93 | 9,309.93 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.
Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.
As soon as practicable after entry of judgment, respondent shall make the following payment to petitioner for Yr 1 life care expenses ($18,842.07), lost earnings ($492,214.00), pain and suffering ($170,000.00), and past unreimbursable expenses ($8,985.44): $690,041.51.
Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.
Annual amounts shall increase at the rates indicated above in column G.R., compounded annually from the date of judgment.
Items denoted with an asterisk (*) covered by health insurance and/or Medicare.
Items denoted with an "M" payable in 12 monthly installments totaling the annual amount indicated.

TAB A